## POPE MANUF'G Co. *v.* WARWICK CYCLE MANUF'G Co. *et al.*

(*District Court, D. Massachusetts.* April 30, 1892.)

PATENTS FOR INVENTIONS—EXTENT OF CLAIM—PRIOR ART—INFRINGEMENT—BICYCLE HANDLES.

    Letters patent No. 245,071, issued August 2, 1881, to George Illston, for a device for readily adjusting the vertical height of bicycle handles, or rendering them entirely detachable, by making a dovetail or grooved seat on the bicycle head, in which a slide carrying the handle bar works, the same being fixed at any desired height by a set screw, are limited by the prior state of the art to the devices described, and are not infringed by a handle bar connected with a spindle which slides in a socket, and is secured by a set screw.

In Equity. Suit by the Pope Manufacturing Company against the Warwick Cycle Manufacturing Company and others for infringement of a patent. Bill dismissed.

*William A. Redding* and *Charles E. Pratt*, for complainant.
*John L. S. Roberts*, for defendants.

COLT, Circuit Judge. The bill in this case is based upon the alleged infringement of letters patent No. 245,071, granted to George Illston, August 2, 1881, for improvements in bicycles. The invention relates to the construction of the head of a bicycle so that the handle on the head may be adjusted and readily removed from the machine. The specification says:

"On one face of the head, I make a vertical dovetail or grooved seat, on or in which a slide works; the said slide being fixed in any position on the said seat by means of a set screw. In the upper part of the said slide the handle bar is secured. The handle bar may either be permanently fixed to the said slide, or be capable of detachment therefrom. When it is required to adjust the height of the handle on the head, it is only necessary to slacken the set screw of the slide, when the said slide carrying the handle bar may be raised or lowered on its seat, and refixed in its adjusted position by driving home the set screw."

Instead of this arrangement, there is another form of mechanism set forth in the patent, consisting of a vertical slot on the face of the head of the bicycle, in which a sliding socket works. This sliding socket carries the handle bar, and is fixed at the required height by a screw nut. The first form of the device is covered by the first claim of the patent, which is as follows:

"(1) The improvements in constructing the heads of bicycles and tricycles hereinbefore described and illustrated in Figs. I., II., III., IV., V., VI., and VII. of the accompanying drawings, for the purpose of readily adjusting the vertical height of the handles on the said heads; and rendering the handles detachable from the heads, that is to say, making on the face of the head a dovetail or grooved seat, on or in which a slide carrying the handle bar works, the said slide being adjusted at any desired height on the said seat, and fixed in its adjusted position by means of a set screw or other equivalent arrangement, substantially as described and illustrated."

The scope of the Illston invention seems to me to be clear. He describes in his patent two forms of mechanism for adjusting the handle on the head of a bicycle "with great nicety." In the present suit, we are only concerned with the first form, which consists in placing on one face of the head a dovetail grooved seat, in or upon which a slide carrying the handle works; the slide being fixed in any position on the seat by means of a set screw. This mechanism is simple and easily understood, and the elements are specifically set out in the first claim.

Stress is laid by the complainant upon the fact that the specification says that "the slide carrying the handle bar and the seat on the head may have a figure other than the dovetail figure represented." I do not think that this language should be construed to include other and different forms of adjustable mechanism, but that, within the sense of the patent, it can only include, at most, a modification of the dovetail form in which the slide works. The claim itself, by reference to the figures shown in the drawings, and by its specific language, refers to the dove-

tail construction. An examination into the prior state of the art forbids any such broad construction of this claim as the complainant contends for. In the Hanlon patent of July 7, 1868, there is found adjustable mechanism for the seat and the cranks of a velocipede, and that patent says, after describing these devices, that "the handles may, if desired, be also made extensible." In the McCleave patent of April 13, 1869, the handle in connection with the frame of the machine is raised and lowered for the purpose of adjusting the distance of the crank from the seat to the size of the rider. The use of a dovetail seat with a slide and set screw for the purpose of adjustability appears to be old in other branches of the art. In the old milling machine what was known as the "back rest" or "back center" was constructed after this form. In view of the prior state of the art the Illston patent must be limited to the forms of devices therein described.

The defenses to this suit are non-infringement, and want of patentability. In the defendants' device the handle bar is connected with a spindle which slides in a socket upon the head of the machine, and is fastened at any desired place by a set screw. I question, in view of what was old and well known, whether there is anything patentable in the defendants' device; but, however this may be, it is perfectly clear to my mind that the defendants' device is no infringement of the first claim of the Illston patent. Although argued with much force by complainant's counsel, it would be going beyond all sound rules in the construction of patents to so construe the first claim of the Illston patent as to cover the defendants' mechanism, not only because of the position which that patent occupies in the art, but also because the defendants' device is different in construction. The spindle, socket, and set screw which make the defendants' handle adjustable are not the dovetail grooved seat on the face of the head, with its slide carrying the handle bar, of the Illston patent. Taking the Illston patent to mean what it says, and construing it in the light of the prior state of the art, I am clearly of opinion that no case of infringement has been made out.

It is unnecessary to consider the second ground of defense.

Bill dismissed.